Good morning, Ben Coleman from Mr. Gomez-Mendez. What I'd like to do is start off with the statutory rape issue and to the extent I have time, I'll get to some of the other issues. With respect to the statutory rape issue, over the past few years, there have been several decisions that have been rendered regarding statutory rape, both in the immigration context and in the sentencing enhancement context. Some of the decisions have been splintered. They've been two-to-one decisions. And some of the decisions have seemingly reached somewhat contrary results. Despite the fact that there's been a lot written about this subject, I don't think any of the cases address the main arguments that we're presenting here. And that is, number one, what is the requisite age to establish age of consent for majority? And, number two, what is the requisite mens rea with respect to that age? On the first issue, it's your position that if one state has an age of consent of 16 and another state has an age of consent of 17 or 14 or something else, that federal law couldn't simply adopt whatever the age of consent of the state is. Well, I think that the, I guess the standard is what is generic statutory rape or what is, I guess, sort of the contemporary view or the contemporary outlook among, when you look at all the states as a whole. Why do we look at generic statutory rape? I think under the categorical approach based on this Court's case law and the Supreme Court case law in cases like Shepard and Taylor and in this Court's in-bank cases like Corona-Sanchez and Rivera-Sanchez, I think it is also, the inquiry is what is generic statutory rape? What is the, what would be the age of consent, I guess, among most of the states for the contemporary view of the age of consent? I may be a little bit off here, but in looking at the, in some of these law review articles that collect all the statutory rape laws, I think 29 states set the age of consent at 16. I think 29 states set the age of consent at 16. Eight states set the age of consent at 17. And 13 states set the age of consent at 18. And those numbers may be slightly off, but that was my best estimate from looking at these law review articles. And then there are various permutations having to do with the difference in age between the perpetrator and the victim. Correct. That is true. And sometimes some states divide, sometimes the lower you get in the age, the more aggravated the statutory rape may be. So some states may have a cutoff at 16 and then another cutoff at 14 and so on and so forth. So there is a little bit of, it's hard to come up with exact figures. But I think, I mean, Judge Posner in the Thomas case said that clearly the overwhelming majority of states set the age of consent under 18. And based on my review of the 37 or so states that set the age of consent under 18, over half or 19 of them require or at least provide a defense if the defendant reasonably believed that the victim was over the age of 16. So in a substantial number of states, if a defendant believes that the victim is either 16 years old or 17 years old, they're not guilty of statutory rape. And I also, by the way, believe that it's really the same inquiry whether we're talking about statutory rape or sexual abuse of a minor. It's the same inquiry. Do we normally take affirmative defenses into account in deciding what is a generic crime? I frankly don't think that this Court or really any court has addressed this issue one way or the other. I don't think that. I don't mean the statutory rape situation. I mean in other cases as well. I understand. There are affirmative defenses to all crimes. For example, duress, right? Let's say you're convicted of or you're accused of bank robbery, and you say, well, the reason I did it is because they had mom at home and held a gun to her head, and I had to do what they said because otherwise they're going to shoot mom. That's a defense in most states, perhaps all states. I understand. I'm talking broadly looking at all crimes and all types of defenses. I don't know of any decision where one way or the other this Court has said we look at affirmative defenses or defenses. The term affirmative defense can mean different. Do you know if any of the other circuits have ruled on this? I don't. And the one thing, though, I don't think that the Court necessarily has to branch into things like duress and entrapment and those other defenses. I think here what we're really talking about is the mens rea, and I think that the Supreme Court's decision in Leocal puts sort of the mens rea of the statute on a different pedestal than maybe some of these other defenses like entrapment or duress. This is sort of the mens rea is the heart of any criminal offense, and so I think when we're talking about defenses when they apply to the mens rea that that's a special category, at least where this Court can consider this type of defense in the categorical approach analysis. Counsel, what are we to do with Pereira-Salmeron? That's our case. Right. I guess some of these cases confuse. I know that Pereira-Salmeron, I don't think Pereira discussed, number one, mens rea at all, nor did it get into this issue as to the age of consent so much, but it certainly didn't discuss the mens rea. And I don't think that Pereira, frankly, I just don't think it addressed this particular issue. So I don't think that it's controlling in any way. I'm sorry. Which of the two issues didn't it address? The mens rea issue. You mean the affirmative defense issue? Correct. What you now call the mens rea issue. What about on the question of the different age of consent in various instances? It's not my recollection that Pereira, and I might be wrong on this, but it's not my recollection that it officially articulated that the age of consent being 18 is okay. That's the age that you look at. And I might be wrong on that, but I don't believe that it did. Well, here's what it says. Mr. Pereira-Salmeron was convicted under the Virginia statute for carnally knowing a child under 15 years of age. That was the Virginia statute. He was convicted of a Class IV felony under that statute as he was not a minor and was not close in age to the victim. He was 26. She was 13. That constitutes sexual abuse of a minor. Right. I mean, the statute there is 15, I guess. That was the statute, under 15. And my position is that 16 should be, I guess, the magical age. How are you helped here? Because 261.5 says that the minor has to be under 16 years of age. So California seems to be right in the mainstream of states nationwide. Right. Your client was convicted of having sexual intercourse with a minor who was under 16 years of age. Right. How are you helped here? But if you reasonably believe that the victim was 16 or 17, it's my position that in a large number of states, that is defense, whereas in California, it's not. It's a combination of the two things. I agree that under the ---- Correct. That you have to look at what is the contemporary meaning of statutory rape. Do you have any authority any place in any other court or our court that would suggest that we have to take into account the defenses to a statutory crime in other states in order to determine whether this is a categorical? Well, I guess, I mean, I guess that question brings up two questions. One is do you look at other states? And I think the answer is yes. I have ---- I think there's a lot of case law that says you look to sort of what is the general contemporary view among all the states, not just the one state that you're dealing with. The second question deals with the issue of defenses. And as I had indicated before, I don't think any court has said one way or the other whether you look at defenses or you don't look at defenses when you're trying to determine under a categorical approach what is the statutory definition. It's my position that at least when it comes to the mens rea of an offense, which in Leocow is what the Supreme Court really was emphasizing, that for crimes of violence, we want ---- crimes of violence should have at least a reckless, if not an intentional, mens rea, that mens rea is a special issue. And so defenses, when it comes to mens rea, is something that the court should be looking at under the categorical approach. If there are no other questions, I've just got a little bit of time, and I'd save it for rebuttal. Okay.  Thank you. Good morning, Your Honors, and may it please the Court. My name is Joseph Green. I'm here on behalf of the United States. Your Honors, I'd like to start by ---- I plan to spend most of my time today talking about the same issue that we've been discussing, and that is the statutory rape issue. To be clear about what the issue is that's before the Court, the sole issue that's before the Court today is whether or not 261.5 subpart D constitutes statutory rape. And as Judge Biby noted, 261.5d only criminalizes conduct where the victim is under the age of 16 and the defendant is over the age of 21. Now, 261.5d is the most serious type of statutory rape that exists in California due to the ages of the parties. Are there other variations on that? Yes, Your Honor. There are several other variations. What are the other variations? Well, there's subparts A through D, and I don't have the particular requirements of those individual provisions, but subpart D is the most serious in that the defendant is over 21 and the victim is under 16. Okay. I'm sorry. Go ahead. I thought the age of consent in California is 18. That's correct, Your Honor. The age of consent ----  Yes, Your Honor. So then it's not quite accurate to say that California is exactly in the mainstream, at least as defined by your opponent, the mainstream being 16, the age of consent. I'm not making a valid judgment here. He was arguing for an age of 16 mainstream, and I think I heard you accept the 16 and say California is right in the mainstream. But it's not quite right because California has an 18-year age of consent. It makes it a worse crime if the victim is 16 and the perpetrator is at least 5 years older. Your Honor, it's correct that the States have adopted a variety of variations with respect to their statutory rape laws. Some of them set the age of consent at 18, others 17, 16. But in this case, the only issue is whether or not sexual contact between someone who's over 21 with someone who's under 16 constitutes statutory rape. So the Court could leave for another day the defendant, the appellant's invitation to set a generic age of consent for all statutory rapes. It's not as simple as all that, I don't think, because California, I thought, defines statutory rape as sex with somebody under the age of 18. It then has worse punishments the younger the victim gets and the older the perpetrator gets. But I don't think it's fair to say that we now have sort of a different crime here because she's 16 and he was 21 or he was over 21. I think what we have is a statutory rape crime committed because of the fact that the victim was under 18, subject to certain aggravators. Isn't that the more accurate, the fairer way of describing what California law does? Maybe we ought to look at what the statutes involved say. Do you have any? Your Honor, Section 261.5d is the portion that I'd include in my brief. I don't have the whole statute here this morning. Do you mean you don't have the entire 261.5? No, Your Honor. I'd include 261.5d because that was the section the defendant was convicted under. I hadn't included that in my materials. Yes, Your Honor. Thank you. It's right here. It starts with A, which my thumb is there. If you keep the break, you will. Take a look at it. At least one fair way of reading it is, I believe, the way I have characterized it, that the crime happens when the victim is or the, you know, the victim is less than 18, and then it just gets worse for the defendant the younger she gets and the older he gets. Your Honor, that appears to be a reasonable interpretation. But I would note that of the cases that have considered this statute previously, including the Ninth Circuit, when they've analyzed this issue, they've analyzed it under the particular provisions under which the defendant was convicted. So as I reviewed the cases in preparing for this argument, the cases would analyze, for example, 261.5 subsection C or subsection D. And in reaching their conclusions, the holdings were based upon the subsections of 261.5, not the overall age of consent that California has adopted. Your Honor, I'd also suggest that even assuming that the age of consent is 18 in California, under the amended 2.2L1.2, the Sentencing Commission intended to include all iterations of statutory rape, whether the age of consent is 16, 17, or 18. That's clear from the amendment which was enacted in 2003. Mr. Coleman says that when the Sentencing Commission uses that term statutory rape, that it's kind of drawing a line among a whole set of data points, because all the States have all kinds of different rules. What if California raised it to 2023? Would that make a difference? Would that then not be statutory rape? It may, Your Honor. That question isn't before the Court. However, the government's position is that when Congress, when the Sentencing Commission amended the guidelines  that they intended to capture every iteration of statutory rape among the States. However, even if the Court is required in this case to read some generic definition, the provision under which the defendant was convicted would clearly fall within any definition of statutory rape. Okay. Is the government's position here today that the sentencing guidelines include whatever definition of statutory rape that a State and not out of one tail of a long curve that it's acceptable? California seems to be in the mainstream. Is your argument that California is in the mainstream and therefore it's acceptable, or is your argument the hard position that whatever a State chooses to criminalize as statutory rape will be covered by the guidelines? Yes. The government's position in this case would simply be that the issue before the Court is within the definition of a crime of violence and statutory rape. I'd be reluctant to go beyond the facts of this case, argument that the Court needs to reach a holding beyond what's required. Is the amended guideline applicable to the defendant? Yes, Your Honor. And what the applicable guideline does is however the State chooses to define statutory rape, we accept that? Your Honor, it doesn't say so explicitly. What exactly does it say? Your Honor, it says that the issue that brought about the amendment was that prior to 2003, statutory rape was being found to be a crime of violence as sexual abuse of a minor. And that led to appellants raising the argument that because statutory rape doesn't include the use of force, that it should not be included as a crime of violence. So Congress or the Sentencing Commission intended to fix the guidelines to make sure that statutory rape is included. And when they did so, they indicated in the amendment that statutory rape, the enumerated offenses are always classified as crimes of violence, regardless of whether the offense has the use of force. Counsel, I have a question on the second issue. Government apparently concedes that, in line with Watry, that we should remand for an evidentiary hearing on the timely acceptance of responsibility? Yes, Your Honor. That's correct. All right. So it is not quite right to say that the Sentencing Commission spoke, as you characterized it, in terms of no matter what the age is. That's not what they were addressing at all. Your Honor, the guidelines that the commission did not address any particular age. The guidelines, when they amended them, they included a clarification that statutory rape is always included, and it's the government's position that that was the commission's intent to capture every iteration of statutory rape. Does that raise any equal protection problems? Pardon me, Your Honor? Does that raise any equal protection problems in the sense that you get punished worse under federal law if you happen to have committed a crime in your state crime, your predicate crime in California, than let's say in Hawaii, which has a different and lower age of consent? Your Honor, I don't believe so, but I haven't researched that issue. So I'd be reluctant to give you an answer on that. Okay. Thank you. Thank you, Your Honor. Mr. Coleman. Thank you, Your Honor. Two points. One is on this issue of whether somehow in the amendment the sentencing commission discarded the categorical approach. The answer is just no. The same inquiry still applies. Can the commission do that? I mean, let's say they have said explicitly what opposing counsel sort of paraphrased and characterized what they said. They said, look, we realize that states, they take a sort of conversational tone, and they said we realize that states often have different age of consent laws. We are fully aware that age of consent is different. Often the punishment is different depending on the difference in the age of the victim and so on. And we don't want to get into that morass. Whatever is called statutory rape under the law of the 50 states in the District of Columbia, you know, we are going to treat this as falling within its definition. Let's say they said that in so many words. Would there be any problem with that? Well, I think, as Your Honor indicated, there very well could be constitutional problems with it. I asked a question, actually. I wasn't suggesting an answer. I don't know that there is or would be a problem. But, and I think that very well indicates why the Sentencing Commission did not do that. Obviously, you can choose statutes to avoid potential constitutional problems. And when the Sentencing Commission did not in any way, shape or form say that they were doing what the government is contending they were doing, particularly when there may very well be constitutional problems with doing that. Let me phrase the question in a way that is more pertinent to your case. Look, the Sentencing Commission used the term statutory rape. Okay? We look at California law and this is statutory rape. Why on earth shouldn't we just say it says statutory rape? State law calls it statutory rape. And therefore, this is what the Commission must amend. What it must amend is to adopt everything that calls itself statutory rape under the law of the 51 jurisdictions, perhaps including also Puerto Rico and the Virgin Islands. I'm not sure. But certainly the 50 states and the District of Columbia. Why isn't that sort of the simplest, straightforward, unproblematic way to deal with this? Well, I think we're going back now about 20 some odd years, starting with Taylor, when the Supreme Court decided Taylor and this Court has filed Taylor since then and the Supreme Court has filed Taylor and Shepard since then. What all the courts have said is we don't do that. What we do is we take a categorical approach. We don't just say if a state labels something statutory rape, it constitutes statutory rape. What we do is we look to see whether, so that we have a fair Federal system, so that a defendant who is charged Federally in Hawaii, where the age of consents are very low, is not treated differently. Your short answer is Taylor. Correct. The thing that stays in the way of that simple solution is Taylor itself. Correct. It's a Taylor model of analysis. Right. And you find Taylor fully applicable in this context. Yes. And the Supreme Court, the Sentencing Commission did not in any way say that they were overruling Taylor and Shepard and all these other cases that have adopted the categorical approach. They didn't say that at all. And this Court continues to use the categorical approach even after the amendment to the 2003, the 2003 amendment to the guidance. Taylor does not purport to be a constitutional case. No. It just said that I think, I don't remember whether Taylor specifically reserved any constitutional arguments or resolution of constitutional arguments, but it was not a constitutional-based decision. It was a fairness, what was intended by Congress-type decision. And if we somehow could figure out that the Sentencing Commission here meant to Congress intended what they intended in the statute Taylor was interpreting, right? We're now dealing with a different body enacting a different provision. And let's say we could sort of listen in on them and they're all sort of talking about it and their heads are bobbing and nodding and they're saying, yes, we mean to include all statutory rape. That's really what we intend here. That would make it different from Taylor in that regard. It would, but the Sentencing Commission, just like Congress, is well aware of Supreme Court and circuit court case law. And the Sentencing Commission is certainly aware of that. I'm aware. I realize that they read the U.S. reports, but just as I thought Congress could read Taylor and say, that's not what we had in mind at all. You know, it was a good guess, the Supreme Court, but we in fact do mean to include everything that calls itself burglary under state law. We don't mean to, you know, this categorical thing is a good guess but wrong, and we're not going to pass a statute saying anything that calls itself burglary under state law is an aggravated felony. Congress could do that. And within the confines of the Fifth and Eighth Amendments. I mean, and I think there would be serious constitutional problems, whether it's equal protection, due process, or cruel and unusual punishment, to be having different, you know, arbitrary, somewhat arbitrary punishments if you live in one particular state in the Federal system versus another. So. That is not. I mean, this is what happens when you live in, when you have a Federal system. You do the same thing. You know, you're in Alaska and you walk the streets smoking pot, and it's, I believe that you have constitutional right to do it. You do the same thing in Nevada, and they throw you in the pokey for a long time. We're very law-abiding in Nevada, of course. Well, no, I. I. We have very high standards, you know. I am well aware of it. I always try to keep within the speed limit when I come in the great state of Nevada. If it happens in Vegas, stay in Vegas. That's the only thing. No, no. I'm, well, I'm ruminating here. I'm not at all sure that would be a constitutional problem, but I think it's maybe something we shouldn't tempt fate about. Anyway, thank you. Can I make one final point? Sure. Which is that I just, I think Judge Kaczynski in your question made an excellent point that the subsection D is sort of a sentencing enhancement as opposed to an element, and therefore, I think that the age of consent at 18 for California is the one that should control. Thank you. Thank you, counsel. Case assigned. We'll stand submitted.
judges: Kozinski, O'scannlain, Bybee